**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ELLIOTT BUSHHEAD,<br><br>                Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE<br>Commissioner of Social Security,<br><br>                Defendant. | 2:12-cv-00921-JCM -VCF<br><br>**O R D E R** |

Before the court are Plaintiff Elliott Bushhead's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

**I.**  ***In Forma Pauperis* Application**

In Plaintiff Bushhead's application (#1), Plaintiff asserts that he receives $300 per month from the Moapa Band of Paiutes as a tribe member, but is currently unemployed. (#1). Plaintiff has $25 in his bank account and he receives food stamps. *Id.* Plaintiff's monthly expenses include: $50 in rent (subsidized through the Moapa Band of Paiutes Housing Authority), $60 for utilities, $10 for telephone, $37 for water, and $50 for transportation to doctor's appointments and to run errands. *Id.* Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.**  **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the Plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the Plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**A.   Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff's complaint seeks a review of the final decision of the Commissioner of Social Security denying Plaintiff's application for Social Security benefits under Title II and Title XVI of the Social Security Act. (#1-1). Pursuant to 42 U.S.C. § 405(g), "any individual, after any final decision of the Commissioner of Social Security to which he was a party . . . may obtain a review of such decision. . . . Such action shall be brought in the district court of the United States . . . ." Pursuant to 42 U.S.C.

§ 1383(c)(3), "the final determination of the Commissioner of Social Security after a hearing . . . shall be subject to judicial review as provided in § 405(g) . . . ." This court has jurisdiction under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B.   Plaintiff's Claims

Plaintiff asserts that the Social Security's ruling that Plaintiff "is not disabled and not entitled to benefits under Title II and Title XVI of the Social Security Act is not supported by substantial evidence and is contrary to the applicable laws and regulations." (#1-1). Plaintiff also asserts that Plaintiff "is disabled and is entitled to benefits under [Title] II and [Title] XVI of the Social Security Act." (#1-1). Accepting these allegations as true and construing them in the light most favorable to the Plaintiff, Plaintiff states a claim for relief that is plausible on its face. *See Ashcroft*, 556 U.S. at 662; *Russell*, 621 F.2d at 1037.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This Order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the complaint (#1-1), issue summons to the Defendants named in the complaint, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER ORDERED that the Plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, Plaintiff must file a notice with the court identifying which Defendants were served and which were not served, if any. If the Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved Defendants, specifying a more detailed name and address, and indicating

whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that from this point forward, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 8th day of June, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**